1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN  DIVISION

15  LAUREN C. EDWARDS ,                )        Case No.: EDCV 12-01672 SH
                                       )
16            Plaintiff,               )        MEMORANDUM DECISION
                                       )        AND ORDER
17       v.                            )
                                       )
18  CAROLYN W. COLVIN, Acting          )
    Commissioner of Social Security,   )
19                                     )
              Defendant.               )
20                                     )
                                       )
21  _____ )

22                      **I. PROCEEDINGS**

23       This matter is before the Court for review of the decision of the

24  Commissioner of Social Security denying plaintiff's applications for Social

25  Security Disability Insurance Benefits and Supplemental Security Income

26  Benefits.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case

27  may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g),

28  which authorizes the Court to enter judgment upon the pleadings and transcript

1

1    of the record before the Commissioner.  The plaintiff and the defendant have

2    filed their pleadings (Defendant's Answer; Plaintiff's Brief; Memorandum in

3    Support of Defendant's Answer), and the defendant has filed the certified

4    transcript of record.  After reviewing the matter, the Court concludes that the

5    decision of the Commissioner should be reversed and remanded.

6

7    ## II. BACKGROUND

8        On January 8, 2009, plaintiff Lauren C. Edwards ("plaintiff") filed an

9    application for Supplemental Security Income.  On January 14, 2009, plaintiff

10    filed for a period of disability or Disability Insurance Benefits.  Both applications

11    alleged an inability to work since January 1, 2001, due to an affective (mood)

12    disorder.  (See Administrative Record ["AR"] 84-87).  Plaintiff's applications

13    were denied on March 18, 2009, and denied upon reconsideration on May 21,

14    2009.  (See AR 88-99).  On September 30, 2010, following the administrative

15    hearing on August 3, 2010, an Administrative Law Judge ("ALJ") found that

16    plaintiff had a severe impairment -- an affective (mood) disorder -- but

17    determined that plaintiff was not disabled within the meaning of the Social

18    Security Act.  (See AR 37-43).

19        Following the Appeals Council's denial of plaintiff's request for a review

20    of the hearing decision (AR 1-2), plaintiff filed an action in this Court.

21       Plaintiff makes two challenges to the ALJ's Decision denying benefits.

22    Plaintiff alleges that the ALJ erred in: (1) failing to give appropriate weight to

23    the opinion of  plaintiff's treating psychiatrist; and (2) failing to properly assess

24    plaintiff's credibility.

25        For the reasons discussed below, the Court finds that plaintiff's first claim

26    of error does not have merit, and that plaintiff's second claim of error has merit.

27

28    ## III. DISCUSSION

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to give proper weight to the opinion of Dr. Terrazano, plaintiff's treating psychiatrist.  Defendant asserts that the ALJ provided specific reasons for rejecting the opinion of Dr. Terrazano.

A treating physician's opinion is entitled to special weight.  Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. § 416.927(b)-(d).  "The [Commissioner] may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes, 881 F.2d at 751.  A treating physician's medical opinion unsupported by described medical findings, personal observations, or test results may be rejected. See Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004); Burkart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988).

"When a non-treating physician's opinion contradicts that of the treating physician–but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician–the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'"  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Montijo v. Sec'y of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984).

Maureen C. Terrazano, M.D., a psychiatrist at the Riverside County Department of Mental Health, treated plaintiff approximately once a month from November 27, 2000 to June 10, 2010.  (See AR 244-327, 377-80, 384-94 ).  Dr. Terrazano diagnosed plaintiff with depression and anxiety.  (AR 378).  In a Work Capacity Evaluation (Mental) form, dated September 22, 2009, Dr. Terrazano opined that plaintiff had the following Residual Functioning Capacity

3

1  ("RFC")[1]:  moderate to marked to extreme limitations in many areas of

2  functioning,[2] and that plaintiff would miss three or more days of work a month.

3  (AR 373-374).

4        The ALJ addressed Dr. Terrazano's opinion as follows:

5             The medical evidence submitted in support of this claim includes

6        treatment records from Riverside County Mental Health Department-

7        Hemet Mental Health covering the period from November 27, 2000

8        through June 10, 2010, where the claimant has been seen fairly regularly.

9        [Plaintiff] has been diagnosed with depression and anxiety symptoms.

10       She has generally been compliant with prescribed psychotropic

11       medications and has reported no severe mental health disturbances of

12       significant duration.  A recurring theme throughout the treatment notes

13       has been the claimant's feelings of low self-esteem and lack of outside

14       interests.  [Plaintiff's] mood has generally been described as okay to

15       good, and she has had no sleep disturbances.

16            The undersigned has considered the Work Capacity Evaluation

17       (Mental) form ... dated September 22, 2009.  This form indicates the

18       claimant has moderate to marked to extreme limitations in many areas of

19       functioning which is completely inconsistent and unsupported by the

20       Riverside County Mental Health treatment notes, including those signed

21

22

23  [1]   A RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 404.1545(a)(1).

24  [2]   In the Work Capacity Evaluation (Mental) form, Dr. Terrazano determined
25  that plaintiff is: moderately limited in her abilities to carry out very short, simple instructions, to work in coordination with others, and to get along with coworkers;
26  markedly limited in her abilities to maintain attention and concentration, to work with others without being distracted by them, to make simple, work-related
27  decisions, to ask simple questions or request assistance, to interact appropriately with the general public, and to respond appropriately to changes in work settings;
28  and extremely limited in her abilities to sustain a routine without special supervision, to accept instructions and respond appropriately to criticism from supervisors, and to set realistic goals or make plans independently of others.

4

1   by Dr. Terrazano.  Accordingly, the undersigned gives very little weight

2   to this assessment.  (See AR 41).

3   Here, the ALJ provided specific and legitimate reasons for discounting Dr.

4   Terrazano's opinion.  The ALJ properly rejected Dr. Terrazano's medical

5   opinion for being unsupported by medical findings or personal observations,

6   because her treatment notes were inconsistent with her opinion of disability (see,

7   e.g., AR 386 [treatment note dated November, 17, 2009, noting that plaintiff's

8   mood is "ok", appearance is appropriate, affect is full range, thought process is

9   normal/goal directed, cognition is oriented/alert, and anxiety is down]; AR 252

10  [treatment note dated May 15, 2008, noting that plaintiff's mood is good, she is

11  not depressed, she sleeps well, and her attention/concentration is appropriate];

12  AR 324 [treatment note dated July 21, 2005, noting that plaintiff's mood is good,

13  there is no anxiety, her energy is "ok", there are no hallucinations or paranoia,

14  and her response to medication is good]; AR 288 [treatment notes dated February

15  3, 2005, noting that plaintiff's spirits are good, energy is good, there is  no

16  anxiety, no hallucinations, and no paranoia]).  See Batson, 359 F.3d at 1195;

17  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)(explaining that the

18  discrepancy between a treating doctor's RFC assessment and the recorded

19  observations in his treatment notes was a proper reason for not relying on his

20  opinion).  Dr. Terrazano's treatment notes portray a more functional individual

21  than her opinion about plaintiff's RFC.

22  Moreover, the ALJ properly relied on the State Agency psychiatrist's

23  opinion in discounting Dr. Terrazano's opinion.  (See AR 41, 358-62).  Kevin

24  Gregg, M.D., the State Agency psychiatrist, determined that plaintiff was either

25  "Not Significantly Limited" or Moderately Limited" in twenty different work-

26  related abilities.  (AR 358-62).[3]  As discussed by the ALJ, Dr. Gregg's opinion

27

28  _____

[3]   In the March 4, 2009 Mental Residual Functional Capacity Assessment form, Dr. Gregg noted that plaintiff is: not significantly limited in her abilities to remember locations and work-like procedures, to understand and remember short instructions, to perform activities within a schedule, to sustain an ordinary routine

1  was based on his review of the medical evidence, including Dr. Terrazano's

2  treatment notes (as discussed above) and Dr. Gregg concluded that plaintiff

3  retained the RFC to perform  non-public work involving simple, repetitive tasks.

4  (AR 41, 358-62, 370).

5      Based on Dr. Gregg's supported opinion, as well as inconsistencies

6  between Dr. Terrazano's treatment notes and her RFC assessment, the ALJ

7  appropriately gave little weight to Dr. Terrazano's opinion.  See Roberts v.

8  Shalala, 66 F.3d 179, 184 (9th Cir. 1995)(finding that the supported opinion of

9  the non-examining physician, in addition to the  irreconcilable conflict between

10 the treating physician's RFC assessment and his written report and test results,

11 was a specific and legitimate reason for the ALJ to adopt the non-treating

12 physician's opinion); Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996)(holding

13 that the findings of a non-treating, non-examining physician can amount to

14 substantial evidence, so long as other evidence in the record supports those

15 findings).

16

17     **ISSUE NO. 2:**

18     Plaintiff asserts that the ALJ failed to provide clear and convincing

19 reasons for rejecting her testimony regarding the severity of her symptoms.  In

20 response, defendant argues that the ALJ properly found that plaintiff's testimony

21 regarding the severity of her symptoms was not credible.

22     At the hearing on August 3, 2010, plaintiff testified about her background,

23 work history, symptoms, medications, medical treatments, and daily activities.

24 (See AR 55-60, 63-65, 68-70, 74-76).  Specifically, plaintiff testified that she is

25 without special supervision, to make simple work-related decisions, to maintain
   sustained concentration and persistence in a normal workday; to respond
26 appropriately to changes in the work setting; and to set realistic goals or make plans
   independently from others; and moderately limited in her abilities to understand and
27 remember detailed instructions, to carry out detailed instructions, to maintain
   attention for extended periods of time, to work in coordination with others, to
28 interact appropriately with the general public, to accept instructions and respond
   appropriately to criticism from supervisors, to get along with coworkers, and to
   maintain socially appropriate behavior .

6

1  able to cook, clean, drive, do laundry, go grocery and clothes shopping, care after

2  her two daughters, attend parent/teacher conferences, and help her daughters

3  with homework.  (See AR 57-60, 63-64).

4      In the Decision, the ALJ rejected plaintiff's testimony about her

5  symptoms, as follows:

6          After careful consideration of the evidence, the undersigned finds

7          that the claimant's allegations are not fully credible.  She testified at

8          the hearing that she is able to take care of her home, cook, do the

9          family laundry, go grocery shopping, attend parent/teacher

10         conferences, and drive.  These are not the activities of a severely

11         debilitated individual.  In general, the claimant's statements

12         concerning the intensity, persistence and limiting effects of her

13         symptoms are credible only to the extent that they are consistent with

14         the residual functional capacity assessed herein.  (AR 41).

15     Here, the ALJ failed to state clear and convincing reasons for rejecting

16  plaintiff's testimony about the severity of her symptoms.  See Smolen v. Chater, 80

17  F.3d 1273, 1281 (9th Cir. 1996)(holding that the ALJ can reject the claimant's

18  testimony about the severity of her symptoms only by offering specific, clear and

19  convincing reasons for doing so); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.

20  1998)(holding that the ALJ must specifically identify the testimony they find not

21  to be credible and must explain what evidence undermines the testimony).

22     The ALJ's reliance on plaintiff's daily activities to reject plaintiff's

23  testimony about the severity of her symptoms was improper.  See Vertigan v.

24  Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001)("The mere fact that a plaintiff

25  has carried on certain daily activities such as grocery shopping, driving a car, or

26  limited walking for exercise, does not in any way detract from her credibility as

27  to her overall disability").  The ALJ did not offer any explanation as to how

28  plaintiff's daily activities could be "a fair proxy" for the demands of work.  See

    Fair, 885 F.2d at 603 (holding that a claimant's daily activities, if rigorous

1  enough to be a fair proxy for the demands of work, can serve as a basis for

2  finding allegations of disability symptoms not credible).  Moreover, the ALJ did

3  not cite any evidence or testimony regarding how long plaintiff could engage in

4  her daily activities. See Vertigan, 260 F.3d at 1050.

5       Since the ALJ failed to provide clear and convincing reasons for rejecting

6  plaintiff's subjective complaints, this case should be remanded.  See Connett v.

7  Barnhart, 340 F.3d 871, 876 (9th Cir. 2003)(remanding the case for further

8  proceedings since the ALJ did not assert specific facts or reasons to reject

9  plaintiff's testimony).

10

11  **IV. CONCLUSION**

12       For the forgoing reasons, the decision of the Commissioner is reversed and

13  remanded for further proceedings, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

14  DATED:  June 25, 2013

15

16

17

18

19            STEPHEN J. HILLMAN

20       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

8